**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| KRISDA SIRIWANGCHAI, ) | |
| ) | |
| On behalf of himself and all other ) | |
| persons similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-104 |
| ) | |
| RAVEN CONCEPTS, LLC, ) | |
| d/b/a Corvino Supper Club & ) | |
| Tasting Room ) | |
| ) | |
| Defendant. ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Krisda Siriwangchai, on behalf of himself and all others similarly situated, asserts this collective and class action against Defendant Raven Concepts, LLC, d/b/a Corvino Supper Club & Tasting Room ("Corvino") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; wage-related class claims under Missouri law pursuant to Fed. R. Civ. P. 23; and Missouri unjust enrichment class claims pursuant to Fed. R. Civ. P. 23. In support of this lawsuit, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.     Pursuant to the FLSA and Missouri law, Plaintiff alleges that he and all other similarly situated employees of Corvino are entitled to: (i) unpaid minimum wages for hours worked in non-tipped occupations; (ii) unpaid premium wages for overtime hours worked in non-tipped occupations; (iii) unpaid wages, equal to the difference between the federal minimum wage and each employee's hourly cash wage plus all tips that were wrongfully

diverted by Corvino through its mandatory, but illegal, tip pool; and (iv) liquidated damages, attorneys' fees, and costs.

2.      Plaintiff also alleges that Corvino was unjustly enriched and must disgorge all amounts collected as "auto gratuities," "automatic gratuities," or the like, which Corvino required certain customers to pay, all the while failing to disclose that Corvino, in fact, considered all such "gratuities" to be income to Corvino and not gratuities rightfully owned by the tipped employees.

3.      Corvino's practice and policy was to willfully fail and refuse to pay appropriate wages to Plaintiff and all other similarly situated employees who worked and continue to work for it.

<strong>PARTIES</strong>

4.      Defendant Raven Concepts, LLC, d/b/a Corvino Supper Club & Tasting Room ("Corvino") is a for-profit company, registered in Missouri, which operates and conducts an upscale dining establishment in Jackson County, Missouri, at 1830 Walnut Street, Kansas City, MO 64108. It can be served through its registered agent: VOMER Agent Services Co., 1000 Walnut Street, Suite 1500, Kansas City, MO 64106.

5.      Upon information and belief, Corvino is owned, in whole or in part, by Michael and Christina Corvino.

6.      Corvino employed or employs Plaintiff and the putative plaintiffs/class members. At all relevant times, Corvino was and is an "employer" and Plaintiff and those similarly situated to him were Corvino's "employees" within the meaning of the FLSA, 29 U.S.C. § 203.

7.     At all relevant times, Corvino and its employees were engaged in commerce, and Corvino has gross operating revenues greater than $500,000, exclusive of any separately stated retail-level excise taxes.

8.     Plaintiff Krisda Siriwangchai is a citizen of the State of Missouri. Mr. Siriwangchai worked for Corvino as a Server, a tipped employee, from approximately August 10, 2018, to December 20, 2022.

9.     For all hours worked for Corvino, Plaintiff was paid an hourly cash wage that was less than minimum wage and an overtime rate that was less than one and one-half times his regular rate. Plaintiff's regular rate was approximately $31/hour.

10.     Plaintiff was treated as a "tipped employee," but he was not permitted to keep his tips. Instead, like all tipped employees at Corvino, he was required to contribute all his tips to a tip pool which was illegally administered by Corvino.

11.     Plaintiff, like all tipped employees at Corvino, was regularly required to work in non-tipped occupations by, for example, working more than 30 minutes prior to Corvino's opening, working more than 30 minutes at the end of the night after his customer service duties had concluded, or working special events such as buyouts, which were non-tipped, meaning, the customers were not given an opportunity to tip the service staff.

12.     Plaintiff regularly worked in excess of 40 hours in a workweek.

13.     Prior to, during, and after Plaintiff's employment with Corvino, Corvino employed numerous other individuals who had the same compensation structure as Plaintiff.

14.     Plaintiff's consent to become a party plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit A**.

15.     Additional opt-in consents for Brett Branstetter, Lauren Goode, Phoenix Cartwright, and Frida Lara-Nunez, all of whom are Corvino's employees or former employees, are attached as **Exhibit B**.

JURISDICTION AND VENUE

16.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA; it has supplemental jurisdiction over the state law claims asserted under 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

17.     The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant is registered in Missouri, has a registered agent in Missouri, regularly operates in Missouri, and Plaintiff worked for Defendant in, among other places, Jackson County, Missouri, which is located within this District.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

CORVINO FAILED TO PAY MINIMUM WAGE OR OVERTIME PREMIUMS
FOR HOURS WORKED IN NON-TIPPED OCCUPATIONS

19.     Corvino employs dozens of individuals who it treats as tipped employees, including, for example, servers, server assistants, hosts, and bartenders.

20.     Corvino pays its tipped employees a cash wage that is less than the minimum wage and less than one and one-half times their regular rate for hours worked in excess of 40 in one workweek by claiming a tip credit for each hour worked by the tipped employee.

21.     Corvino opens to the public at 4 p.m., but employees for whom Corvino claims a tip credit were and are regularly scheduled to and, in fact, do begin work more than 30 minutes prior to 4 p.m. to prepare for customers.

22.     In addition, employees for whom Corvino claims a tip credit were and are regularly scheduled to work and, in fact, do work substantial amounts of time on non-tip producing activities, such as polishing glasses and preparing linens, during periods of time when the employee is serving customers <u>and</u> after the employee has finished serving customers. For example, employees scheduled to close regularly work more than 30 minutes on non-tip-producing, end-of-night closing activities.

23.     Further, employees for whom Corvino claims a tip credit were and are regularly scheduled to work and, in fact, do work substantial amounts of time on non-tip producing activities, such as special events and "buyouts," which are fixed price events that often are not tip producing.

24.     Despite its employees' working more than 30 consecutive minutes in non-tipped occupations before, during, and after serving customers, Corvino still pays them less than minimum wage and less than the required overtime rate by wrongfully claiming a tip credit for hours worked that are ineligible for such credit.

25.     Upon information and belief, Corvino claims a tip credit for all hours worked by any employee who ever works as a tipped employee, even if the hour worked was in a non-tipped occupation.

26.     Corvino willfully failed to pay minimum wage and overtime compensation to Plaintiff and all other similarly situated employees in direct violation of the FLSA and Missouri law.

### CORVINO'S ILLEGAL TIP POOL

27.     Corvino does not permit its tipped employees to keep their individual tips; instead, all tips are contributed to a tip pool, which is then administered by Corvino back to

various individuals using a formula that factors in that individual's Corvino-determined point rating and the number of hours worked.

28.    Upon information and belief, Corvino paid proceeds from the tip pool to ineligible employees, such as managers, supervisors, and administrators, thereby invalidating the tip pool.

29.    Corvino also paid money out of the tip pool to dual job employees to compensate them for hours worked in non-tipped occupations, which includes work that does not produce tips and tip-supporting work performed for a substantial amount of time, thereby invalidating the tip pool.

30.    In other words, when distributing money from the tip pool, Corvino paid out tips based on each employees' total hours worked as opposed to only the employees' hours worked in a tipped occupation, resulting in tips being used improperly to compensate individuals for work that was ineligible for any tip credit and did not produce tips.

31.    By using tip pool money to pay dual job employees and those working in non-tipped occupations, such as managers and supervisors, Corvino wrongfully kept and diverted for its own benefit employee tips in violation of the FLSA.

### Corvino's "Automatic Gratuity" Ruse

32.    Corvino adds an additional 20% charge to the bill of certain customers, including, for example, parties of 6 or more people, private parties, customers in its Tasting Room, and during special events.

33.    Corvino calls this additional charge an "automatic gratuity;" thereby representing to the customer that the additional 20% added to the bill is equivalent to a tip for the serving staff.

34.     Plaintiff and all other similarly situated employees provided the benefit of their services and efforts to Corvino and Corvino's customers, thereby enabling Corvino to charge "automatic gratuities" to certain customers and receive the corresponding benefit.

35.     Because a 20% gratuity already appeared on their bills, customers rarely left an additional tip on top of the 20% "automatic gratuity."

36.     In reality, Corvino treats these "automatic gratuities" as income to the restaurant, not gratuities provided by the customer to the tipped employees.

37.     In other words, Corvino was enriched by the receipt of the "automatic gratuities" at the expense of Plaintiff and other similarly situated employees.

38.     Corvino uses some of the income from the automatic gratuities for general expenses such as taxes and to pay the salaries of managers and the wages of non-tipped kitchen staff, all at the expense of the tipped employees.

### GENERAL COLLECTIVE AND CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this Complaint on behalf of all persons who were, are, or will be employed by Corvino as tipped employees earning a cash wage less than minimum wage within three years from the commencement of this action.

40.     The FLSA claims in this Complaint are asserted as "opt-in" collective actions pursuant to the FLSA, 29 U.S.C. § 216(b) and are proper because Plaintiff's claims are similar to the claims of the putative plaintiffs.

41.     Plaintiff is similarly situated to the claims of the putative plaintiffs and class members, in that, they all had substantially similar job requirements and pay provisions, and they all were subject to Corvino's common practice, policy, or plan of refusing to properly pay wages and tips in violation of the FLSA.

42.     The claims for violations of Missouri law in this Complaint are asserted as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43.      The putative plaintiffs/class members are those current and former employees of Corvino who were suffered or permitted to work by Corvino while not being paid minimum wages or overtime compensation for all hours worked in excess of 40 hours in a workweek.

44.     The putative plaintiffs/class members include tipped employees who were forced to participate in an illegal tip pool as well as employees paid as tipped employees who worked in non-tipped occupations.

45.     At all relevant times, Corvino paid its tipped employees a wage equal to the minimum wage allowed by Missouri for tipped employees, even for hours worked in non-tipped occupations.

46.     Plaintiff and all putative plaintiffs/class members were subject to Corvino's policies and practices of failing and refusing to compensate employees in an amount equal to at least minimum wage (or overtime, when appropriate) for hours worked in non-tipped occupations and failing to distribute the tip pool only to employees eligible to receive tips.

47.     Common questions of law and fact predominate in this action because Plaintiff's claims and the claims of all others similarly situated are based on whether Corvino's policy and practice related to its taking of the tip credit, failing to pay minimum wage and overtime, its administration of its tip pool, and its retention of all "automatic gratuities" violate the FLSA and Missouri law.

48.     Plaintiff is an adequate representative because Plaintiff is a member of each of the respective classes that he seeks to represent, and there are no known conflicts of interest between Plaintiff and any putative plaintiffs/class members.

49.     The class and/or collective action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

50.     Proceeding as a class and/or collective action will permit the potentially large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

51.     The class satisfies the numerosity standards, in that, it is believed that more than 30 class members exist. Class members may be informed of the pendency of this class action through direct mail or email.

52.     A collective action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate, and numerous, repetitive individual actions would place an unnecessary burden on the courts as they would be required to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

53.     Individual joinder of all putative plaintiffs/class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual putative plaintiffs/class members.

54.     The questions of law and fact common to the class include, without limitation, the following:

a. Whether class members were paid minimum wage and overtime for hours worked in non-tipped occupations;

b. Whether Corvino illegally claimed a tip credit with respect to hours worked by the class members;

c. Whether Corvino administered an illegal tip pool;

d. Whether Corvino was unjustly enriched through its "automatic gratuity" charges; and

e. Whether Corvino knew or had reason to know that its policies and compensation practices were unlawful.

55. Each putative plaintiff/class member has been damaged and is entitled to recovery for Corvino's illegal policies and practices of permitting, suffering and/or failing to properly compensate its employees for their regular or statutorily required rate of pay for all hours worked, improperly claiming a tip credit, administering an illegal tip pool, and failing to disburse "automatic gratuities" to the tipped employees.

56. The interests of the members of the class will be fairly represented by the Plaintiff, whose claims are typical of those of the respective classes, and will be protected by the undersigned counsel, who has experience in employment, FLSA, and class action lawsuits.

### COUNT I – FLSA MINIMUM WAGE CLAIM (NON-TIPPED OCCUPATIONS)

57. Plaintiff re-alleges and incorporates by reference all allegations set forth above.

58. The FLSA requires covered employers, such as Corvino, to compensate its employees at a rate of not less than the minimum wage per hour for the first 40 hours worked

in a workweek. Corvino failed to do this and, accordingly, violated the FLSA, including 29 U.S.C. § 206.

59.     The FLSA permits an employer to pay its employees working in tipped occupations a cash wage that is less than the minimum wage so long as the employees' tips raise the employees' compensation to at least the minimum wage. The employer does this by taking a "tip credit."

60.     It is a violation of the FLSA for an employer to pay its employees working in a non-tipped occupation—which includes work that does not produce tips and tip-supporting work performed for a substantial amount of time—a cash wage that is less than the minimum wage.

61.     Corvino's policy was and is to pay its tipped employees a cash wage that is less than minimum wage for every hour worked by the employee, even if the employee worked all or part of the time in a non-tipped occupation.

62.     Corvino's violation of the FLSA is continual in nature.

63.     Plaintiff and the putative collective action members are entitled to receive minimum wage under the FLSA.

64.     Corvino's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.     Plaintiff, for himself and on behalf of all others similarly situated, seeks damages in the amount of the difference between the federal minimum wage and the cash wage paid to the employee for the first 40 hours of non-tipped work per workweek, liquidated damages, and recovery of all attorneys' fees, costs, and expenses incurred in this

action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems appropriate.

66. Plaintiff brings Count I as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Corvino's practice of failing to pay Plaintiff and other employees the minimum cash wages to which they are entitled. The class for the FLSA claims in Count I is defined as follows:

> All persons employed as tipped employees at Corvino in Missouri at any time from three years prior to the filing of the initial Class and Collective Action Complaint to the present.

67. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from Corvino's records, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

WHEREFORE, on Count I, Plaintiff and all similarly situated employees pray this Court:

a. Issue an Order certifying this action as a collective action under the FLSA and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all putative plaintiffs, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. § 216(b);

b. Designate Plaintiff Krisda Siriwangchai as representative of all those similarly situated under the FLSA collective action;

c. Designate Plaintiff's counsel—Riemann Injury Litigation LLC—as class counsel of the putative members of the FLSA collective action;

d.   Award Plaintiff and the putative plaintiffs their actual damages for unpaid wages plus liquidated damages equal in amount to the unpaid wages, as provided by the FLSA, 29 U.S.C. § 216(b), all to be paid by Corvino;

e.   Award pre-judgment and post-judgment interest as provided by law;

f.   Award reasonable attorneys' fees, costs, and expenses of this action; and

i.   Award any and all other relief as this Court deems necessary, just, and proper.

## Count II – FLSA Overtime Claim (non-tipped occupations)

68.   Plaintiff re-alleges and incorporates by reference all allegations set forth above.

69.   The FLSA requires covered employers, such as Corvino, to compensate all non-exempt employees at a rate of not less than 1.5 times the employee's regular rate of pay for work performed in excess of 40 hours in a workweek. Corvino failed to do this and, accordingly, violated the FLSA, including 29 U.S.C. § 207.

70.   Plaintiff and the putative members of the FLSA collective action are not exempt from the right to receive overtime pay under the FLSA and are entitled to compensation at a rate of 1.5 times their regular rate for all overtime hours worked in non-tipped occupations.

71.   It is a violation of the FLSA for an employer to pay its employees working in non-tipped occupations a cash wage that is less than 1.5 times their regular rate (which must be at least equal to the federal minimum wage) for all overtime hours worked.

72.     Corvino's policy was and is to pay its tipped employees a cash wage that is less than 1.5 times their regular rate for every overtime hour worked by the employee, even if the employee worked all or part of the overtime in a non-tipped occupation.

73.     Corvino's violation of the FLSA is continual in nature.

74.     Corvino's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff, for himself and on behalf of all others similarly situated, seeks damages in the amount of 1.5 times their regular rate of pay for all work performed in a non-tipped occupation in excess of 40 hours per week, liquidated damages, and recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems appropriate.

76.     All similarly situated employees are similarly situated in that they are all subject to Corvino's same compensation policies, plans and/or procedures that require these employees to perform work without proper compensation.

77.     Plaintiff brings Count II as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Corvino's practice of failing to pay Plaintiff and other employees the overtime premiums to which they are entitled. The class for the FLSA claims in Count II is defined as follows:

> All persons employed as tipped employees at Corvino in Missouri at any time from three years prior to the filing of the initial Class and Collective Action Complaint to the present who worked in excess of 40 hours in any workweek.

78.     The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from Corvino's records, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

WHEREFORE, on Count II, Plaintiff and all similarly situated employees pray this Court:

a.      Issue an Order certifying this action as a collective action under the FLSA and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all putative plaintiffs, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. § 216(b);

b.      Designate Plaintiff Krisda Siriwangchai as representative of all those similarly situated under the FLSA collective action;

c.      Designate Plaintiff's counsel—Riemann Injury Litigation LLC—as class counsel of the putative members of the FLSA collective action;

d.      Award Plaintiff and the putative plaintiffs their actual damages for unpaid overtime wages plus liquidated damages equal in amount to the unpaid overtime wages, as provided by the FLSA, 29 U.S.C. § 216(b), all to be paid by Corvino;

e.      Award pre-judgment and post-judgment interest as provided by law;

f.      Award reasonable attorneys' fees, costs, and expenses of this action; and

i.      Award any and all other relief as this Court deems necessary, just, and proper.

## COUNT III – VIOLATION OF THE FAIR LABOR STANDARDS ACT (ILLEGAL TIP POOL)

79.     Plaintiff re-alleges and incorporates by reference all allegations set forth above.

80.     Corvino violated the FLSA by implementing and maintaining an invalid tip pool, in which it required its tipped employees to participate, thus failing to pay Plaintiff and other similarly situated employees all of the tips to which they were entitled.

81.     The tip pool improperly included employees working in non-tipped occupations as well as managers and supervisors.

82.     Because its tip pool was illegally administered, Corvino is not entitled to take a tip credit against its obligation to pay Plaintiff and other similarly situated employees at least the minimum wage. Accordingly, Corvino is liable to Plaintiff and other similarly situated employees for the difference between the federal minimum wage and the hourly cash wage (not including tips) the employee received and, where applicable, overtime premiums.

83.     In addition, because Corvino, in violation of U.S.C. § 203(m)(2)(B), included at least one manager or supervisor in the tip pool, or kept some proceeds of the tip pool for itself, Plaintiff and the similarly situated employees did not receive all tips to which they were entitled and Corvino must repay to Plaintiff and the similarly situated employees all wrongfully diverted tips.

84.     Corvino's practice was to willfully fail to comply with the requirements of implementing and maintaining a valid tip pool and, therefore, Plaintiff and the similarly situated employees were not properly compensated pursuant to the FLSA.

85.     Plaintiff brings Count III as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Corvino's practice of administering an illegal tip pool and, thereby, failing to pay Plaintiff and other employees the cash wages and tips to which they were entitled. The class for the FLSA claims in Count III is defined as follows:

> All persons employed as tipped employees at Corvino in Missouri at any time from three years prior to the filing of the initial Class and Collective Action Complaint to the present.

WHEREFORE, on Count III, Plaintiff and all similarly situated employees pray this Court:

a. Issue an Order certifying this action as a collective action under the FLSA and promptly issue notice to all similarly situated employees of Defendant, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. § 216(b);

b. Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and overtime under 29 U.S.C. § 216(b);

c. Award Plaintiff and all similarly situated employees damages for wrongfully withheld tips under 29 U.S.C. § 216(b);

d. Designate Plaintiff Krisda Siriwangchai as representative of all those similarly situated under the FLSA collective action;

e. Designate Plaintiff's counsel—Riemann Injury Litigation LLC—as class counsel of the putative members of the FLSA collective action;

f.  Award Plaintiff and all similarly situated employees liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b);

g.  Award pre-judgment and post-judgment interest as provided by law;

h.  Award reasonable attorneys' fees, costs, and expenses of this action under 29 U.S.C. § 216(b); and

i.  Award any and all other relief as this Court deems necessary, just, and proper.

## COUNT IV – VIOLATIONS OF THE MISSOURI MINIMUM WAGE LAW

86.     Plaintiff re-alleges and incorporates by reference all allegations set forth above.

87.     Plaintiff brings Count IV as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure asserting violations of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.*

88.     Count IV arises out of Corvino's failing to pay at least minimum wage and proper overtime premiums for all hours worked in non-tipped occupations and for all hours worked in tipped occupations while being required to participate in an illegal tip pool.

89.     Plaintiff brings Count IV on behalf of himself and the following class:

> All persons employed by Corvino in Missouri at any time from two years prior to the filing of the initial Class and Collective Action Complaint to the present for whom Corvino took a tip credit.

90.     At all relevant times, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law.

91.     The Missouri Minimum Wage Law regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions (none of which are applicable here), and, during the applicable limitations period, has required a

higher minimum wage than that provided for under federal law. *See* Mo. Rev. Stat. §§ 290.500(3-4), 290.505.1.

92.     The Missouri Minimum Wage Law should be construed in accordance with its provisions and those of the FLSA. Indeed, the Missouri Department of Labor has issued regulations providing that, except as otherwise provided by Missouri law, the interpretation and enforcement of the Missouri Minimum Wage Law follows the FLSA and its companion regulations. *See* 8 C.S.R. § 30-4.010(1).

93.     At all relevant times, Corvino was the "employer" of Plaintiff and the class members within the meaning of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500(4).

94.     At all relevant times, Plaintiff and the class members were Corvino's "employees" within the meaning of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500(3).

95.     Plaintiff and the class members are covered, non-exempt employees within the meaning of the Missouri Minimum Wage Law; therefore, they are entitled to be paid at least minimum wage for all hours worked in each workweek. *See* Mo. Rev. Stat. § 290.502.1.

96.     Plaintiff and the class members are victims of Corvino's uniform, employer-dictated compensation policies.

97.     Specifically, Corvino violated Missouri Minimum Wage Law by failing to pay Plaintiff and the class members an hourly cash wage equal to the minimum wage (Mo. Rev. Stat. § 290.502) or, when applicable, at least 1.5 times their regular rate for overtime (Mo. Rev. Stat. § 290.505) for all hours worked in non-tipped occupations.

98. In addition, Corvino violated Missouri Minimum Wage Law by claiming a tip credit for hours worked by employees in tipped occupations while also requiring employees to participate in an invalid tip pool.

99. Plaintiff and the class members are entitled to damages equal to all unpaid minimum and overtime wages due within two years preceding the filing of this Class and Collective Action Complaint, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees as hourly wages by Corvino. *See* Mo. Rev. Stat. § 290.527.

100. Plaintiff and the class members are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate, and the costs and reasonable attorney fees incurred in this action.

WHEREFORE, on Count IV, Plaintiff and the class members demand judgment against Corvino and pray this Court:

a. Issue an Order certifying the state law claim set forth in Count IV as a class action pursuant to Fed. R. Civ. P. 23;

b. Award Plaintiff and the class members damages for unpaid minimum wages under Mo. Rev. Stat. § 290.527;

c. Award Plaintiff and the class members damages for unpaid overtime premiums under Mo. Rev. Stat. § 290.527;

d. Award Plaintiff and the class members liquidated damages under Mo. Rev. Stat. § 290.527;

e. Award Plaintiff and the class members pre-judgment and post-judgment interest as provided by law;

f.  Award Plaintiff and the class members' counsel attorney fees and costs as allowed by Mo. Rev. Stat. § 290.527; and

g.  Award Plaintiff and the class members such other relief as the Court deems fair and equitable.

### COUNT V – UNJUST ENRICHMENT UNDER MISSOURI COMMON LAW

101.   Plaintiff re-alleges and incorporates by reference all allegations set forth above.

102.   Plaintiff brings Count V as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure asserting violations of Missouri common law.

103.   Plaintiff brings this Missouri unjust enrichment claim, arising out of Corvino's retention of "automatic gratuities" charged to customers, on behalf of himself and the following class:

> All persons employed as tipped employees at Corvino in Missouri at any time from five years prior to the filing of the initial Class and Collective Action Complaint to the present.

104.   Corvino adds an additional 20% charge to the bill of certain customers, which it calls an "automatic gratuity" or something similar, thereby representing to the customer that the additional 20% added to the bill is equivalent to a tip for the serving staff.

105.   Plaintiff and the class members provided the benefit of their services and efforts to Corvino, which Corvino accepted, thereby enabling Corvino to charge "automatic gratuities" to certain customers and receive the corresponding benefit.

106.   Because a 20% gratuity already appeared on their bills, customers rarely left an additional tip on top of the 20% "automatic gratuity."

107.    In reality, Corvino treats these "automatic gratuities" as income to the restaurant, not gratuities provided by the customer to the tipped employees.

108.    In other words, Corvino was enriched by the receipt of the "automatic gratuities," which it retained to the detriment of Plaintiff and the class members.

109.    Corvino's acceptance and retention of the benefit of Plaintiff's and the class members' labor and the customers' 20% "automatic gratuity" was inequitable and resulted in Corvino's being unjustly enriched.

WHEREFORE, on Count V, Plaintiff and the class members demand judgment against Corvino and pray this Court:

a.  Issue an Order certifying the state law claim set forth in Count V as a class action pursuant to Fed. R. Civ. P. 23;

b.  Order Defendant to disgorge the value of their ill-gained benefits to Plaintiff and the class members;

c.  Award Plaintiff and the class members pre-judgment and post-judgment interest as provided by law;

d.  Award Plaintiff and the class members' attorney fees and costs as allowed by law; and

e.  Award Plaintiff and the class members such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims so triable.

Dated:   February 13, 2023

Respectfully submitted,

RIEMANN INJURY LITIGATION LLC

  s/ Tim J. Riemann
Tim J. Riemann, MO Bar # 61757
1600 Genessee Street, Suite 860
Kansas City, Missouri 64102
Tel:  (816) 348-3003
Fax:  (816) 895-6351
Email:  tim@injurylit.com

*Counsel for Plaintiff*